UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY C. LEVINE,

    Petitioner,

-vs-                                                                                                            Case No.  8:14-cv-1195-T-36JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

    Petitioner, a Florida prisoner, initiated this action for habeas corpus relief pursuant to 28 U.S.C. Section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondent to show cause why the relief sought in the petition should not be granted (Doc. No. 6). Thereafter, Respondent filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the Rules Governing Section 2254 Cases in the United States District Courts (Doc. No. 14).  Petitioner filed a reply to the response (Doc. No. 17).

    Petitioner alleges four claims for relief in his habeas petition:

1.     Failure of the prosecutor to accurately convey the State's original plea offer to the attorney of record;

2.     Counsel rendered ineffective assistance by failing to adequately prepare and investigate, prior to counsel's decision not to depose and tender a [sic] alibi witness for defense (Terry Karas) and to apprehend and employ exculpatory video evidence and failed to investigate and depose detectives French and Johnson of the Bradenton Police Department;

3.     Defense counsel rendered ineffective assistance by failing to object to improper scoring of out of state convictions which were not Petitioners [sic] nor authenticated as such; and

4.     The burglary was based entirely upon circumstantial evidence where there is not a

moral certainty that Petitioner committed the burglary.

## I. PROCEDURAL HISTORY

Petitioner was charged with two counts of uttering a counterfeit instrument and two counts of burglary of an unoccupied conveyance (Respondent's Exhibit 1, Vol. I, pp. 5-7). A jury returned a verdict of guilty on counts one, two, and three, and not guilty on count four (the second burglary charge) (*Id*., pp. 30-31). Petitioner was sentenced to five years for each count, to run consecutively (*Id*., pp. 42-48). Following sentencing, however, the trial court granted a written motion for arrest of judgment and judgment of acquittal as to count two, merging the count into count one and vacating the sentence on count two (*Id*., p. 71). The state appellate court affirmed (Respondent's Ex. 4).

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, asserting three grounds of ineffective assistance of trial counsel (Respondent's Ex. 6). The state post-conviction court summarily denied Grounds Two and Three, and directed the State to respond to Ground One (Respondent's Ex. 7). After the State responded, the state post-conviction court granted an evidentiary hearing on Ground One (Respondent's Ex. 10).[1] Following the evidentiary hearing (Respondent's Ex. 11), Ground One was denied (Respondent's Ex. 13). The state appellate court affirmed the denial of the Rule 3.850 motion without a written opinion (Respondent's Ex. 16).

While his Rule 3.850 motion was pending, Petitioner filed a motion to correct illegal sentence alleging that his sentencing scoresheet was incorrectly calculated (Respondent's Ex. 18). The motion was denied (Respondent's Ex. 19), and the denial affirmed on appeal (Respondent's Ex.

---

[1]The state post-conviction court also denied a supplemental claim Petitioner filed.

21).

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

### A. Standard of Review Under the AEDPA

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal

3

court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B. Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient

performance prejudiced the defense.² *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III. ANALYSIS

**Ground One**

Petitioner contends that he was "substantially prejudiced" when the prosecutor extended a plea offer of 34.8 months in case no. 09-cf-978 (the case in which the convictions were entered that Petitioner challenges in the instant petition) to Attorney Hunter, who represented Petitioner in case

---

²In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

5

nos. 09-cf-3029 and 09-cf-1324, rather than Petitioner or Attorney Lombardo, who represented Petitioner in case no. 09-cf-978. He asserts that he first learned of that offer during the evidentiary hearing on his Rule 3.850 post-conviction motion, and would have accepted the offer had he known of it before trial.

In Ground I of his state Rule 3.850 motion, Petitioner asserted that counsel was ineffective in failing to: 1) notify the new prosecutor and trial court that the State offered to drop the charges against him if he cooperated with the State in apprehending two other criminals; and 2) notify Petitioner that the State offered a two-year sentence in exchange for a guilty plea (Respondent's Ex. 6, pp. 1-4). During the evidentiary hearing on the claim, there was some evidence which indicated the State may have offered 34.8 months in case no. 09-cf-978, but may have sent that offer to Attorney Hunter rather than Attorney Lombardo (Respondent's Ex. 11, p. 31; Respondent's Ex. 12, Exhibit "A"). In denying the claim, the state post-conviction court stated, in pertinent part:

> In his second claim, Defendant alleged that his counsel was ineffective because he failed to convey the State's two-year plea offer, which he would have accepted if he had been notified. To support this claim, Defendant again relied on the testimony of Mr. Lombardo and himself.
>
> On this point, Mr. Lombardo testified that he recalled the State coming to him with a 62-month plea offer, which he conveyed to Defendant. However, Defendant repeatedly told Mr. Lombardo that he had no interest in entering a plea to a sentence that involved state prison. Mr. Lombardo also stated that he was 100% certain that the State never came to him with a plea offer of two years in prison. There was evidence presented that Defendant may have been offered a sentence of 34.8 months (2.9 years) in prison in exchange for his plea; however, this offer was sent to the wrong attorney. Moreover, Mr. Lombardo asserted that even if he had received this plea offer, Defendant would not have accepted it, because he was not interested in any sentence that included prison time.
> For his part, Defendant testified that if he had been notified of the 34.8 month plea offer, he would have accepted it.
>
> In response to the defense witnesses, the State called Assistant Public Defender Ann Hunter, who was Defendant's counsel in another case that was

6

>pending during this same time period. Ms. Hunter confirmed that Defendant was not willing to accept any plea involving a prison sentence until after he had already been sentenced to the consecutive 5-year sentences in the present case.
>
>>Based on the foregoing, Defendant has failed to demonstrate that the State ever made a two-year plea offer. To the extent that Defendant's motion intended to reference the 34.8-month offer, Defendant has not established that Mr. Lombardo even received this offer, as it was mistakenly sent to Ms. Hunter. Therefore, it cannot be said that Mr. Lombardo was deficient for his failure to convey this offer. Moreover, the Court is unconvinced that Defendant would have accepted this plea, even if it had been conveyed. The Court finds that the testimony of Mr. Lombardo and Ms. Hunter was more credible than the testimony of Defendant and concludes that Defendant was unwilling to accept any plea offer that included a term in the state prison. Therefore, because the Court finds that Defendant would not have accepted the plea, Defendant has failed to show that he was prejudiced by Mr. Lombardo's alleged deficiency.

(Respondent's Ex. 13, pp. 5-6) (footnotes omitted). The state appellate court affirmed the denial of this claim without a written opinion (Respondent's Ex. 16).

The state courts' denial of this claim was not objectively unreasonable. To the extent Petitioner contends that Attorney Lombardo was ineffective in failing to advise him of the 34.8 month offer, the state post-conviction court found that Petitioner never established that Attorney Lombardo received that offer. That finding is supported by Attorney Lombardo's testimony that he did not remember whether he had received that offer (Respondent's Ex. 11, p. 38), and the evidence that the offer was addressed to Attorney Hunter, rather than Attorney Lombardo (Respondent's Ex. 12, "Exhibit A"). And Petitioner fails to overcome the presumption of correctness of this finding by clear and convincing evidence. *See Maharaj v. Sec'y for the Dep't of Corr.*, 432 F.3d 1292, 1315 (11th Cir. 2005) ("a determination of a factual issue made by a State court shall be presumed to be correct" and an "applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence"). Accordingly, counsel was not deficient in failing to convey an offer he never had.

7

Even if counsel was aware of the offer and failed to convey it, Petitioner has failed to demonstrate prejudice. To demonstrate prejudice in this circumstance, Petitioner must show that he would have accepted the 34.8 month plea offer. *See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995)(when an ineffective assistance of counsel claim concerns the rejection of an offered plea agreement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial) (citation omitted). The state post-conviction court found that Petitioner would not have accepted the offer even if it had been conveyed to him. This finding is supported by Attorney Lombardo's testimony that Petitioner "was not going to plead to prison. He was too old, he's been there, he's not going to do it again." (Respondent's Ex. 11, p. 31), and "was not going to plead to prison no matter what." (*Id.*, p. 38). Although Petitioner testified that he "definitely would have taken [the 34.8 month] offer" (*Id.*, p. 41), the state post-conviction court found Attorney Lombardo's testimony more credible than that of Petitioner. This credibility determination is presumed correct. *See Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir. 1998) ("We must accept the state court's credibility determination and thus credit [the attorney's] testimony over [the petitioner's]."); *Devier v. Zant*, 3 F.3d 1445, 1456 (11th Cir. 1993) ("Findings by the state court concerning historical facts and assessments of witness credibility are . . . entitled to the same presumption accorded findings of fact under 28 U.S.C. § 2254(d)."). Petitioner does not overcome the presumption of correctness afforded to this factual finding. Moreover, Petitioner's allegation that he would have accepted the offer, without more, is insufficient to warrant relief. *See Cook v. United States*, 189 Fed.Appx. 927, 932 (11th Cir. 2006) (defendant's after-the-fact assertion, standing alone, is insufficient to establish that defendant would have accepted plea offer) (unpublished) (citations omitted).

Petitioner does not establish that the state courts' rejection of his claim was contrary to *Strickland* or based on an unreasonable determination of the facts. Accordingly, Petitioner's ineffective assistance of counsel claim in Ground One does not warrant relief.

Finally, Petitioner's contention that he was denied due process, since neither the State nor Attorney Hunter sent the 34.8 month offer to either Petitioner or Attorney Lombardo, does not warrant relief. Petitioner has failed to show that his constitutional rights were implicated merely because the State failed to ensure that its offer was received by either Petitioner or his attorney. *See Mabry v. Johnson*, 467 U.S. 504, 507 (1984) ("A plea bargain, standing alone, is without constitutional significance in itself, it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest."); *see also Spann v. Wainwright*, 742 F.2d 606, 607 (11th Cir. 1984), *cert. denied*, 474 U.S. 830 (1985) (prosecutor's decision to renege on plea offer did not implicate defendant's constitutional rights). And Petitioner had no right to be offered a plea. *Missouri v. Frye*, 566 U.S. 134, 148 (2012).

The state appellate court's denial of this claim was not contrary to clearly established Supreme Court law.[3] Accordingly, the claim does not warrant federal habeas relief.

**Ground Two**

Petitioner contends that counsel rendered ineffective assistance by not investigating and calling as a witness Terry Karas, who, Petitioner asserts, would have testified that Petitioner could not have committed the burglary because Petitioner was at home with her. Petitioner further

---

[3]The state appellate court's decision was an "adjudication on the merits." *Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348, 1353 (11th Cir. 2012) ("a state court's simple one-word affirmance is presumed to be an adjudication on the merits of the petitioner's claim.") (citing *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011)).

9

contends that counsel was ineffective in failing to obtain and use exculpatory video evidence. Finally, Petitioner complains that counsel rendered ineffective assistance by failing to take the depositions of Detectives French and Johnson with the Bradenton Police Department. Petitioner asserts that he, defense counsel, the prosecutor, and the detectives had a meeting during which they agreed that in exchange for Petitioner wearing a recording device and making "prescribed drug buys from noted narcotics traffickers and actual perpetrators of the vehicle burglaries Petitioner was charged with" (Doc. No. 1, p. 8), the charges against Petitioner would be dropped. Petitioner states that he provided the requested assistance, the charges were not dismissed, and during an evidentiary hearing on the issue, defense counsel, the prosecutor, and the detectives "all of sudden had memory loss." (*Id*., p. 9). Petitioner contends that had counsel taken the detectives' depositions, "there is a reasonable probability that the result of the proceedings would have been different." (*Id*.).

In state court, Petitioner raised similar claims in Ground II of his Rule 3.850 motion (Respondent's Ex. 6, pp. 5-7). There, Petitioner asserted that counsel was ineffective in failing to investigate and depose Karas and obtain exculpatory video evidence (*Id*.). And although he asserted that counsel was ineffective in failing to depose the "detectives," he did not assert: 1) why the detectives should have been deposed;[4] and 2) that the detectives should have been deposed regarding the assistance Petitioner provided to them (*Id*.).

In denying the claims, the state post-conviction court stated:

> On Ground 2, Defendant asserts that his counsel failed to investigate and pursue exculpatory evidence. Specifically, Defendant alleges that "counsel failed to

---

[4]The state post-conviction court indicated that Petitioner was alleging that French and Johnson knew there was video evidence. Petitioner, however, did not specifically allege that French and Johnson knew there was video evidence. Rather, he alleged that "the investigating detectives were aware" of the video (Respondent's Ex. 6, p. 6). The investigating detectives in Petitioner's case were Detectives Roberts and Camacho (Respondent's Ex. 1, Vol. III, p. 222; Vol. IV, p. 305).

investigate, depose and tender as witness for defense alibi witness Terry Karas, failed to apprehend and employ exculpatory video evidence, failed to investigate and depose detectives French and Johnson of the Bradenton Police Department." In support of his first allegation, regarding Terry Karas, Defendant claims that he was at home with Karas at the time the burglary was committed; however, counsel failed to present her as an alibi witness. As to the second allegation, Defendant states that prior to trial, he told his counsel that there was video evidence that proved he was innocent, but counsel never pursued or presented the video. Finally, as to the third allegation, Defendant contends that Detectives French and Johnson also knew of the video, but defense counsel never deposed them or presented them as witnesses. Although Defendant alleges that he instructed counsel to pursue this evidence prior to trial, the record reflects that Defendant was satisfied with his counsel's trial strategy and did not wish to call any other witnesses. Therefore, Defendant's claims are refuted by the record.

On November 4, 2009, when the defense rested its case, the Court questioned Defendant about whether he wanted his counsel to call any other witnesses, whether he was satisfied with his counsel, and whether he agreed with his counsel's trial strategy. Defendant responded that there were no other witnesses that should be called and that he was "absolutely" satisfied with his counsel and the trial strategy. In this regard, the transcript reflects the following colloquy:

> The Court: All right. Mr. Levine, in this particular case were there any other witnesses that you wanted to have called in your behalf in this trial?
>
> The Defendant: Not that I can think of, Your Honor.
>
> The Court: And that could be either State witnesses or witnesses that you perhaps talked to your attorney about. At this point, is it your statement that there is nobody else, either state or witness that perhaps even the State doesn't know about that you wish to have called?
>
> The Defendant: No, Your Honor. I think the evidence or lack of evidence pretty much speaks for itself, ma'am.
>
> The Court: Then you are satisfied with the work that your attorney has done—
>
> The Defendant: Absolutely.
>
> The Court: -- to this point? Okay. No issues at all with his representation?

>          The Defendant: No.
>
>          Mr. Lombardo [defense counsel]: Are you in agreement with all my trial strategy so far?
>
>          The Defendant: Yes, I am.
>
> Accordingly, the record is clear that Defendant was satisfied with his counsel's strategy at the trial and that there was nothing else he wanted his counsel to present. Therefore, Defendant's claims as to Ground 2 are without merit and are denied.

(Respondent's Ex. 7, pp. 3-5) (footnote omitted).

Respondent contends that Petitioner's claims that counsel was ineffective in failing to obtain the video evidence and depose Detectives French and Johnson are procedurally defaulted (Doc. No. 14, p. 13). The Court agrees.

These claims are procedurally defaulted because Petitioner did not raise them on appeal from the denial of his Rule 3.850 motion. Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. *See* § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 845).

When Petitioner appealed the denial of Rule 3.850 relief, he did not raise these claims in his brief to the appellate court (Respondent's Ex. 15). Rather, with respect to this ground, he solely

12

raised the claim that counsel was ineffective in failing to investigate and call Karas as a witness (*Id.*, pp. 11-12). To obtain appellate review of the claims that counsel failed to obtain video evidence and depose Detectives French and Johnson, Petitioner was required to raise and fully address the merits of those issues in his appellate brief. *See* Fla. R. App. P. 9.141(b)(3)(C). Petitioner therefore failed to invoke the state's established appellate review process as to those two claims. Consequently, Petitioner failed to exhaust his state remedies with respect to those claims.

Any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine, because the state rule requiring submission of an appellate brief bars Petitioner from returning to state court to challenge the denial of these claims in a second appeal of the denial of the Rule 3.850 motion, *see* Fla. R. App. P. 9.141(b)(3)(C), and any further attempt to raise the claim in another Rule 3.850 motion would be *subject* to dismissal as untimely and successive. *See* Fla. R. Crim. P. 3.850(b), (h). Petitioner's failure to assert these two claims during his post-conviction appeal results in the default of the claims. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (stating that exhaustion of a claim raised in a Rule 3.850 motion includes an appeal from the denial of the motion). Petitioner makes none of the requisite showings to excuse his procedural default.[5] The procedural default therefore bars federal habeas review of Petitioner's

---

[5]The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F. 3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice, but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982). The petitioner must show at least a reasonable probability of a different outcome. *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Alternatively, a petitioner may obtain federal habeas review of a procedurally defaulted claim if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier*, 477 U.S. at 495-96. A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation

claims pertaining to counsel's failure to obtain video evidence and depose Detectives French and Johnson.[6]

To the extent Petitioner claims that counsel was ineffective in failing to investigate and call Karas, the claim fails on the merits. "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *See United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted). Petitioner has not presented any evidence supporting his contention that Karas would have testified as he theorizes. Consequently, his claim is too speculative to warrant habeas relief. *See Johnson v. Alabama*, 256 F.3d 1156, 1187 (11th Cir. 2001) ("Johnson offers only speculation that the missing witnesses would have been helpful. This kind of speculation is 'insufficient to carry the burden of a habeas corpus petitioner.'") (quoting *Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir.1985)). *See also Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim).

Moreover, Petitioner's statements at trial demonstrate that he agreed with counsel's decision not to call any witnesses, other than Petitioner himself. When asked if there were "any other witnesses that [he] wanted to have called in [his] behalf[,]" Petitioner answered "Not that I can think

---

has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup*, 513 U.S. at 327.

[6]Even if the claims were not procedurally barred, they would fail on the merits, since they are speculative. Petitioner has failed to present any evidence supporting his assertion that a video tape existed that was exculpatory. And he has failed to present any actual testimony from Detectives French and Johnson indicating that they would have testified as Petitioner theorizes.

of, your Honor." (Respondent's Ex. 1, Vol. IV, p. 378). Additionally, when counsel asked Petitioner if he was "in agreement with all my trial strategy so far[,]" Petitioner stated "Yes, I am." (*Id.*, p. 379).

Based on the foregoing, the state post-conviction court's determination that Petitioner failed to demonstrate deficient performance was not objectively unreasonable. Therefore, the denial of this claim was neither contrary to *Strickland*, nor based upon an unreasonable determination of the facts in light of the evidence presented. Accordingly, Ground Two does not warrant federal habeas relief.

**Ground Three**

Petitioner contends that counsel was ineffective in failing to challenge the scoresheet at sentencing. Specifically, he asserts that counsel failed to object to: 1) out-of-state convictions for which Petitioner was never actually convicted, and 2) the State's failure to authenticate those convictions.

This claim is too vague and conclusory to support relief insofar as it fails to identify the specific prior convictions Petitioner challenges, and fails to provide any evidence in support of Petitioner's assertion that he was not actually convicted of the convictions included on the scoresheet.[7] *See Tejada*, 941 F.2d at 1559 (movant is not entitled to habeas relief when the claims are merely conclusory allegations unsupported by specifics). Moreover, during his trial Petitioner admitted having 31 prior felony convictions (Respondent's Ex. 1, Vol. IV, pp. 342, 349, 375). Finally, even if some prior convictions were erroneously included in the sentencing scoresheet, the scoresheet was irrelevant as the state trial court imposed the statutory maximum sentences, not guidelines sentences (Respondent's Ex. 7, "Attachment 2" at pp. 471-72). Therefore, even if there

---

[7]The scoresheet listed 33 prior convictions (Respondent's Ex. 18, Appendix B, pp. 5-8).

was error, Petitioner cannot show prejudice.[8]  Accordingly, Petitioner has not demonstrated that the state courts' rejection of this claim was contrary to *Strickland*.  Ground Three therefore does not warrant relief.

**Ground Four**

Petitioner contends that the evidence was not sufficient to support his burglary of an unoccupied conveyance conviction.  He argues that there was no eyewitness or physical evidence supporting the conviction, and he was convicted based solely on circumstantial evidence.

In state court Petitioner did not raise the federal nature of this claim on direct appeal.  Rather, he presented this claim only in terms of Florida law (Respondent's Ex. 2). Moreover, Petitioner brought this claim under Florida's standard for circumstantial evidence cases (*Id.*).  This is a higher standard of proof than the federal sufficiency of the evidence standard applied in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 451 (11th Cir. 2015) (Florida uses a "heightened burden of proof in cases involving circumstantial evidence.").

Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan*, 526 U.S. at 842. *See also Henderson v. Campbell*, 353 F.3d at ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citations omitted).  The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each

---

[8]In denying Petitioner's motion to correct illegal sentence, the state court noted that any error in the scoresheet was harmless, since the sentences did not exceed the statutory maximum and could have been imposed even if the scoresheet was correct (Respondent's Ex. 19).

appropriate state court and alerts that court to the federal nature of the claim. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

Bringing his claim under Florida's circumstantial evidence standard and failing to cite federal authority or raise a federal question was insufficient to raise and thereby exhaust Petitioner's federal insufficiency of the evidence claim in state court. *See Preston*, 785 F.3d at 462 (Preston did not exhaust a federal claim because he "relied on a unique rule of state law, 'cited exclusively to state cases, and all of his substantive arguments addressed Florida law.'") (citation omitted). Petitioner cannot return to state court to file a successive and untimely direct appeal. *See* Fla. R. App. P. 9.140. Therefore, the claim is procedurally defaulted. *See Smith*, 256 F.3d at 1138. Petitioner does not establish that an exception applies to overcome the default. *See id.* Accordingly, Ground Four is barred from federal habeas review.

Any claims not specifically addressed in this Order have been determined to be without merit.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**, and this case is **DISMISSED**. The **Clerk** is directed to enter judgment for Respondent and close this case.

2. This Court should grant an application for a Certificate of Appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make this showing.[9] Accordingly, a Certificate of Appealability is **DENIED** in this case. And because Petitioner is not entitled to a Certificate of Appealability, he

---

[9]Pursuant to Rule 11 of the Rules Governing Section 2254 Cases In the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . ."

is not entitled to proceed on appeal *in forma pauperis*.

      **DONE AND ORDERED** in Tampa, Florida on July 24, 2017.

                                  Charlene Edwards Honeywell
                                  United States District Judge

Copies to: Petitioner *pro se*; Counsel of Record